**UNITED STATES v. COSTA et al. (HOLLAND FURNACE CO., third-party defendant).**

Civ. No. 8717.

United States District Court,
W. D. Pennsylvania.

June 3, 1952.

See also D.C., 11 F.R.D. 492.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Bradley McK. Burns, Pittsburgh, Pa., for third party plaintiffs.

Sigmund Rosenwasser, Pittsburgh, Pa., for third-party defendant.

STEWART, District Judge.

This case is before us on plaintiff's motion for summary judgment. The plaintiff urges that it is a holder in due course and as such not subject to the defenses of breach of warranty, failure of consideration, etc., which the defendants assert in their answer. The United States became the owner of the note when called upon to purchase it from the holder in accordance with its contract of insurance authorized in the National Housing Act of 1934, as amended, 12 U.S.C.A. § 1701 et seq. The United States necessarily took after default on the part of the maker because until a default had occurred and endured for a certain length of time, it was not obligated under its contract to purchase the note. It follows, therefore, that since the United States became owner after known default, and after maturity, because default accelerated the remaining installments of the note, it could not be a holder in due course. It may, however, have succeeded to the rights of a prior holder in due course, and we take it that it is on this basis, if at all, that the Government is entitled to summary judgment. The difficulty with this position is that we may not determine as a matter of law that either the Commercial Credit Corporation or the Commercial Credit Company, former holders of the note, was a holder in due course. All the authorities relied on by counsel for the plaintiff deal with cases in which it was either established on the record or admitted that a prior party was a holder in due course. In this case, the defendants in their answer aver that the Commercial Credit Corporation and the Commercial Credit Company are subsidiaries and affiliates of the Holland Furnace Company, the payee, and they also aver that these companies had actual notice of breach of warranty on the part of the payee. Whether or not this defense is true and whether it can be established by the defendants will have to await the trial of this case, but if proved, it would certainly bear on the question of whether the plaintiff's predecessors were holders in due course. In any event, we cannot say at this time on a motion for summary judgment that there is not a material question of fact. The plaintiff's motion for summary judgment must, therefore, be denied.